# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-951

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| DANNIE GILDER ET AL.<br>APPELLANTS | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. CV-2010-701] |
| V. | |
| | HONORABLE JOHN PLEGGE,<br>JUDGE |
| CEDAR RIDGE FARMS, LTD.<br>APPELLEE | REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

In February 2011, the circuit court entered a default judgment against Dannie Gilder, LaDonna Gilder, and Dustion Gilder, d/b/a Dusty Gilder Barrel Horses or DG Farms (collectively "Gilder") after finding that Cedar Ridge Farms, Ltd., had properly served Gilder with a complaint and summons. A year later, Gilder asked the court to set aside the default judgment, arguing, among other things, that the summons was defective. Cedar Ridge opposed the effort. The court did not set aside the default judgment. Gilder appealed.

Before addressing Gilder's arguments on appeal, we order that Gilder file a supplemental addendum. Arkansas Supreme Court Rule 4-2(a)(8)(A) (2012) requires that Gilder's addendum contain all documents in the record on appeal that are essential for us to confirm jurisdiction, to understand the case, and to decide the issues on appeal. Gilder's current addendum does not satisfy the rule. For example, it does not include the complaint, the default judgment, the motions to set aside the default judgment, or the responses to those

motions. Any affidavits of service in the appeal record should also be included.

Gilder has seven calendar days from this order's date to file a compliant supplemental addendum. *See* Ark. Sup. Ct. R. 4-2(b)(4). Gilder's counsel should review the Rules of the Arkansas Supreme Court, the record, and the current addendum to ensure no additional deficiencies exist.

Rebriefing ordered.

WYNNE and BROWN, JJ., agree.

*The Law Offices of Thomas Burns, P.A.*, by: *Thomas Burns*, for appellants.

*Baxter Law Firm*, by: *Ray Baxter*, for appellees.